UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. SUGAI, | ) |
| Plaintiff, | ) No. CV-10-0281-CI |
| v. | ) ORDER GRANTING PLAINTIFF'S ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 15.) Attorney Maureen J. Rosette represents David Sugai (Plaintiff); Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on December 21, 2006. (Tr. 154.) He alleged disability due to Adjustment Disorder with Depressed Mood, Antisocial Behavior, Psychotic Disorder, Personality Disorder (paranoid/schizoid), Advanced Degenerative Changes L5-S1, Cervical Spine Degenerative Changes (Tr. 111.) He alleged an onset date of August 10, 1996. (Tr. 112.) His claim was denied initially

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

and on reconsideration. (Tr. 57-60; 63-66.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on August 6, 2008, before ALJ R.S. Chester. (Tr. 19-35.) Plaintiff's counsel appeared, but Plaintiff did not. (Tr. 19.) The ALJ proceeded with the hearing and sent Plaintiff a Notice to Show Cause for Failure to Appear. (Tr. 89.) At the hearing, vocational expert Sharon N. Welter testified. (Tr. 21-35.) The ALJ denied benefits on September 9, 2008, and the Appeals Council denied review. (Tr. 1-3; 43-56.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 51 years old with a high-school education and two years of college. (Tr. 25; 154.) Plaintiff has past work experience in construction work, including rear leadman, concrete finisher, and wood pallet repair. He has also worked in a warehouse, and in food preparation in a prison cafeteria. (Tr. 22-27; 113; 146; 186.)

Plaintiff was married once, had two children, and divorced. He has a third child by another woman. He is not in contact with any of his children. (Tr. 186-87.) Plaintiff reported that he injured his back on the job in 1996. (Tr. 186.) He also asserted that at the same time, he had a nervous breakdown, committed fifteen robberies, and then served five and half years in prison for armed robbery and forgery. (Tr. 186.) He stopped working in January, 2006, due to back pain. (Tr. 112.) He asserted that he was no longer physically able to work in labor and construction. (Tr.

112.) He also said he suffers from multiple mental health impairments that prevent him from being able to concentrate at work or keep employment. (Tr. 112.) For example, Plaintiff reported to Dr. Rosekrans that he experiences visual and auditory hallucinations, including visions of demons and hearing the devil whispering instructions to the demons. (Tr. 187.) He believes his hallucinations have religious significance and pertain to spiritual warfare. (Tr. 187.) He also believes that the police and his enemies want to harass and hurt him, so he wears binoculars so he can keep watch for those who want to harm him. (Tr. 187.)

## ADMINISTRATIVE DECISION

ALJ R.S. Chester found Plaintiff's date of last insured for DIB purposes was December 31, 2009. (Tr. 45.) At step one, the ALJ found Plaintiff had engaged in substantial gainful activity since August 10, 1996, the alleged onset date. (Tr. 43.) The ALJ specified that Plaintiff had engaged in substantial gainful activity after his alleged onset date from 1997 through 2005, excluding 2004.[1] (Tr. 46.) At step two, he found Plaintiff had severe impairments of (1) degenerative disc disease of the lumbar spine; (2) adjustment disorder with depressed mood; (3) adult antisocial behavior; and (4) rule other personality disorder, not otherwise specified. (Tr. 46.) The ALJ determined at step three Plaintiff's medically determinable impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1,

---

[1] The ALJ noted that the District Office recommended an onset date of January 1, 2006, but it appears Plaintiff never amended his onset date. (Tr. 46.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

Subpart P, Regulations No. 4 (Listings). (Tr. 51.) The ALJ found Plaintiff's subjective complaints regarding functional limitations were not fully credible. (Tr. 53-54.) At step four, he determined Plaintiff's residual functional capacity as the ability to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). He can occasionally climb ramps or stairs, but should avoid climbing ladders, ropes, or scaffolds. He can frequently engage in balancing. He can occasionally engage in stooping, kneeling, crouching, or crawling. He can frequently reach overhead. He should avoid concentrated exposure to hazards such as machinery or heights. He should avoid work settings where detailed conversations are required. He is capable of only limited collaboration and contact with coworkers. He is capable of only limited contact with the public.

(Tr. 52.) The ALJ found Plaintiff could not perform his past relevant work, which required the full range of light to very heavy exertion. (Tr. 54.) Proceeding to step five, the ALJ found Plaintiff's limitations had little or no effect on the occupational base of unskilled light work. (Tr. 55.) The ALJ found that Plaintiff could perform the jobs of an agricultural produce sorter, a cannery worker, mail clerk, and price marker. (Tr. 55.) The ALJ ultimately found Plaintiff was not disabled from August 10, 1996, through the date of his decision (September 9, 2008). (Tr. 56.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S.

389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). "This requires the presentation of 'complete and detailed objective medical reports of his condition from licensed medical processionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999).

If a claimant cannot do past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he refused to schedule a supplemental hearing to take Plaintiff's testimony, and by rejecting Dr. Rosekrans' opinion. (ECF No. 14 at 8; 12.)  Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 16.)

**DISCUSSION**

1. **Supplemental Hearing.**

Plaintiff contends the ALJ erred by denying his request to hold a supplemental hearing. He argues that he provided good cause for his failure to appear at the hearing and he should have been allowed to testify about his severe mental health issues. (ECF No. 14 at 8.)

In response to the ALJ's letter to show cause, Plaintiff wrote:

> I apologize for missing the court date.  I have been going through some very rough times lately.  I was evicted from my apartment today, and will end up homeless again.
>
> To add to that, my GAX was expiring, and I have been busy with the appointments to get approval.
>
> I also have a probation violation court date coming up very soon.
>
> So I have been in a state of deep depression lately. I sleep a lot and don't feel like getting up.  I got my days completely messed up.  I thought my court date was for the following day.  Please consider rescheduling my hearing.  I truly need the assistance.

(Tr. 93.)

The ALJ found that Plaintiff's explanation did not constitute good cause. (Tr. 53.)  The ALJ reasoned that Plaintiff had notice of the date and time, Plaintiff's counsel appeared timely, and concluded "lack of proper planning and disorganization does not constitute good cause . . . ." (Tr. 53.)

The Social Security Administration's Hearing, Appeals, and Litigation and Law Manual ("HALLEX")[2] provides that "to establish good cause for failure to attend a scheduled hearing, a claimant must show that . . . an unexpected event occurred that did not provide them enough time in advance of the scheduled hearing to notify the ALJ and request a postponement." HALLEX I-2-4-25(B). "Good cause" is also defined[3] as

> [A] reasonable explanation for failing to comply with a requirement. When making a finding of good cause, the finding must be based on the circumstances of each individual case. Consider the person's physical, mental, educational, or linguistic limitations . . . that prevented him or her from filing a timely request or from understanding and knowing about the need to file a timely request.

HALLEX I-2-4-10(B).

In this case, the record supports the ALJ's conclusion that Plaintiff was not entitled to a supplemental hearing because he failed to establish good cause. While the court considers Plaintiff's mental limitations in determining good cause, Plaintiff does not indicate that he did not attend due to his mental illness issues. Instead, he stated that he believed the hearing was to take place on the following day. As a result, Plaintiff did not

---

[2] HALLEX is an "internal guidance tool" for use by ALJs and other staff members, is not published in either the Federal Register or the Code of Regulations, and does not have the force of law. *Moore v. Apfel,* 216 F.3d 864, 868-69 (9th Cir. 2000).

[3] HALLEX I-2-4-10. Under "Establishing Good Cause for Failing to Appear," HALLEX refers to I-2-4-10 for the definition of good cause.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

establish that an unexpected event occurred and Plaintiff's explanation for missing the hearing does not arise to good cause.

The court will closely examine the circumstances surrounding procedural problems related to a mentally ill claimant. See, e.g., *Higbee v. Sullivan,* 975 F.2d 558, 562 (9th Cir. 1992) (Plaintiff's failure to cooperate with proceedings was due to his serious mental illness); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991) (in mental impairment cases, ALJ's duty to develop the record is especially important); *Vidal v. Harris*, 637 F.2d 710, (9th Cir. 1981)(remand appropriate where serious question existed whether unrepresented mentally ill claimant could read notice with full understanding). In this case, none of the circumstances that would require the ALJ to hold a supplemental hearing based upon Plaintiff's mental illness are present. Plaintiff does not assert that his depression was debilitating that day and therefore he could not attend the hearing. Instead, he states he mixed up the days. Under the circumstances of this case, the ALJ's conclusion that Plaintiff's failure to appear was due to poor planning and disorganization was supported by the record.

2.  **Frank Rosekrans, Ph.D.**

Plaintiff contends that the ALJ erred by rejecting Dr. Rosekrans' opinion. The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b). In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically

determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Although the ALJ is not bound by an expert medical opinion on the ultimate question of disability, she must provide "specific and legitimate" reasons for rejecting the opinion of a treating physician. *Lester*, 81 F.3d at 830-31. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).

In social security cases, the ALJ has a duty to develop the record fully and fairly in order to make an informed decision about a claimant's entitlement to SSI benefits. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). "The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen*

*v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  An ALJ's duty to develop the record further is triggered when ambiguous evidence is introduced, or when the record is inadequate to allow for proper evaluation of the evidence.  *Tonapetyan*, 242 F.3d at 1150.

In this case, insufficient evidence exists related to Plaintiff's mental impairments.  The ALJ noted Dr. Rosekrans' opinion that additional testing, including an MMPI-2, was needed to confirm Plaintiff's diagnosis, but an MMPI-2 was never administered to Plaintiff.  (Tr. 51.)  In November 2006, Dr. Rosekrans administered the BDI-II, BAI and PAI tests to Plaintiff, and the results for the PAI tests were deemed invalid.  (Tr. 189.)  The test results suggested the "strong possibility of careless responding, extremely negative self-presentation, or malingering . . . ."  (Tr. 189.)  Dr. Rosekrans concluded, "I am inclined to interpret David's unusual perceptual experiences and odd beliefs as possible features of a personality disorder instead of symptoms associated with a psychotic disorder, but additional testing is needed to confirm a diagnosis."  (Tr. 190.)  Dr. Rosekrans opined that additional testing, including the MMPI-2, was necessary to obtain an accurate description of Plaintiff's psychological functioning.  (Tr. 191.)  At Plaintiff's next visit to Dr. Rosekrans, the PAI tests results were valid, but no MMPI-2 was administered.  (Tr. 276.)

Dr. Rosekrans concluded that additional testing was necessary to confirm the diagnosis and to obtain an "accurate description" of Plaintiff's psychological functioning.  Because the critical MMPI-2 was never administered, the record is inadequate to allow for proper evaluation of Plaintiff's psychological functioning, including whether he is disabled due to psychological impairments.  The ALJ

failed to properly develop the record, and remand is necessary.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Remand consistent with this decision is necessary. Upon remand, the ALJ shall obtain additional psychological diagnostic testing and evaluation by an acceptable medical source, and if necessary, medical expert testimony to assist in interpreting the medical evidence. The ALJ shall also make new credibility findings, make a new RFC determination based on the entire record, and, if necessary, obtain vocational expert testimony at steps four and five. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with the decision above and pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(ECF No. 15)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED.**

DATED January 31, 2012.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE